HARVEY v. RALEIGH & G. R. CO. et al.

(Circuit Court, E. D. North Carolina. September 12, 1898.)

No. 199.

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—SUFFICIENCY OF ALLEGATIONS.

A bill against a corporation and certain of its stockholders to set aside alleged purchases of stock by the latter with corporate funds, and to enjoin the voting of such stock, filed by complainant as a stockholder in behalf of himself and all other stockholders who desire to intervene, and which alleges that complainant is the owner of "divers shares" of the

stock of such corporation, but from which the amount or value of his holding does not appear, fails to show that the amount in controversy is sufficient to give a federal court jurisdiction.

2. PARTIES—STOCKHOLDERS IN CORPORATION—SALE OF STOCK.

A bill filed by a stockholder against the corporation and certain directors alleged that the latter had illegally purchased the shares of other stockholders with funds of the corporation, allowing the same to remain, however, in the names of the former owners for the purpose of giving them greater voting power under the rules of the corporation. *Held*, that the bill was not demurrable because the sellers of the stock were not made parties, it being alleged that they had parted with their entire interest therein.

On demurrer to the bill.

W. L. Marbury and Stiles & Holladay, for complainant.
Wm. A. Fisher and Watts & Hatton, for defendants.

SIMONTON, Circuit Judge.    This bill is filed by George B. M. Harvey, claiming to be a stockholder in the Seaboard & Roanoke Railroad, in behalf of himself and all other stockholders in said company who may intervene and claim the benefit of this suit.    The defendants are the Seaboard & Roanoke Railroad Company and the Raleigh & Gaston Railroad Company, citizens of North Carolina, and resident in the district, R. C. Hoffman and Louis McLane, citizens and residents of the state of Maryland, the former being the president of these two companies, and the latter a director therein, and Legh R. Watts, a citizen and resident of the Eastern district of Virginia, who is also a director in these companies.    A plea to the jurisdiction was filed in behalf of Messrs. Hoffman, McLane, and Watts, and sustained, except in so far as they were officially bound by a decree against these companies, of which they were officers.    The bill sets out:    That the Seaboard Air-Line System, composed of many corporations, among them the Seaboard & Roanoke Railroad Company and the Raleigh & Gaston Railroad Company, is practically under the domination and control of the Seaboard & Roanoke Railroad Company, and that the Raleigh & Gaston Railroad Company is in every respect under its control.    That the Seaboard & Roanoke Railroad Company has issued in stock $200,000 first preference, $44,200 second preference, and $1,144,200 common stock.    That the voting power of such stock is by the person in whose name the shares of stock stand on the books of the company, he being, for this reason, deemed the owner thereof as regards the company; and that there is a graduated system of voting, to wit, one vote for each share of stock, not exceeding 20;  one vote for every two shares of stock exceeding 20, not exceeding 200;  one vote for every five shares of stock exceeding 200 and not exceeding 500, and one vote for every ten shares of stock exceeding 500;  and that provision is made protecting the company from any so-called stockholder who offers to vote upon any stock represented by him which he does not own bona fide, or which has been transferred to him with intent to give more votes than is allowed by the provision set out above.    That Messrs. Hoffman, McLane, and Watts had been elected directors at the annual meeting in 1896.    That for the purpose of maintaining their position and influence in the Seaboard &

Roanoke Railroad Company, these gentlemen purchased upwards of 2,000 shares in the stock of that company, held by and standing in the names of many individuals, of whom seventeen are mentioned, the other names being at present unknown to complainant. That this purchase was made secretly, fraudulently, and illegally upon the credit securities and moneys of the Seaboard & Roanoke Railroad Company, or of the Raleigh & Gaston Railroad Company, by these gentlemen, or one of them, out of the corporate funds in their charge. That neither of these companies has any charter, power, or capacity to invest its means in the purchase of any stock in the Seaboard & Roanoke Railroad Company, or to hold any such shares, or to vote the same. That since said sale and purchase, which was made about March, 1897, none of the stockholders so selling have had any interest, legal or equitable, in said stock, and that the beneficial interest therein is in the corporation which purchased the shares. That, however, in order to conceal the purchase and at the same time enjoy the power in the votes of the shares, no transfer has been made on the books of the company, by which it would appear that these shares still stand in the name of the original holders and that Messrs. Hoffman, McLane, and Watts propose to vote them in the names of such nominal holders in meetings of the company, and that these votes will be recognized and received by the inspectors and judges of the election. That the amount in controversy is more than $2,000, exclusive of interest and costs. That complainant has for more than two months been a stockholder of record on the books of the Seaboard & Roanoke Railroad Company, bona fide, absolutely, and with no intent to evade the graduated system of voting. That an injunction has been obtained against his voting on his stock in a local court of Virginia, which, however, had no jurisdiction over him, and with whose injunction he has not been served.

The prayer of the bill is: (1) That defendants be required to answer, not under oath. (2) That, on final hearing it be decreed that neither the Seaboard & Roanoke Railroad Company nor the Raleigh & Gaston Railroad Company, has any charter power to purchase, own, hold, or vote upon any shares of stock in the Seaboard & Roanoke Railroad Company, and that the purchase of the stock as alleged was an illegal misuse of corporate funds. (3) That Messrs. Hoffman, McLane, and Watts, and any substitutes for them, and all officers and agents of either of these railroad companies, be enjoined from voting upon said stock at any meeting of the railroad company, and that the Seaboard & Roanoke Railroad Company, and each and every of its agents of every description, be enjoined from receiving such votes at any meeting, whether said votes be offered in the name of either of the said companies or of any of the parties who sold these shares to them. To this bill the defendants the railroad companies interpose a demurrer: (1) That upon complainant's own showing he is not entitled to the relief prayed. (2) Because the alleged vendors of the certificates of stock are not parties.

Complainant alleges that he is a stockholder in the Seaboard & Roanoke Railroad Company. He nowhere states the amount of stock held by him in that company. On the contrary, he seems carefully

to avoid any statement of that nature. All that he says is that he has been "an owner and holder of divers shares of the common stock." It is true that he avers that he is acting with associates who are also large owners and holders of the common stock. But the amount is not stated, nor do they in any way appear on the record so as to be bound by the order of this court. The facts giving jurisdiction to this court must appear in the record, especially the fact that the case is within the jurisdictional amount. It may be that a positive statement to this effect is not necessary. But it must clearly appear from the matters set out in the complaint or bill that the amount in controversy exceeds $2,000, exclusive of interest and costs. The averments of this bill give no information on this point. The complainant is said to be the owner and holder of divers shares of common stock in the Seaboard & Roanoke Railroad Company. By the averments of the bill, in this company are shares of first preferred stock to the amount of $200,000, of second preferred stock to the amount of $44,-200, and of common stock $1,144,200. His interest—the amount of his interest—is in the divers shares of common stock. Whether these be two or more does not appear. Clearly, therefore, upon the face of the bill the jurisdiction of the court has not been established, and the first ground of demurrer must be sustained.

The second ground of demurrer is not sustained. The bill avers that certain stockholders of the Seaboard & Roanoke Railroad Company have sold to Messrs. Hoffman, McLane, and Watts, who purchased in the name of the Seaboard & Roanoke Railroad Company or of the Raleigh & Gaston Railroad Company, one or the other; that these vendors parted with all their interest whatsoever in this stock; and the bill attacks the sale as ultra vires. The demurrer admits the first allegation as to the sale by and the relinquishment of all interest in their stock by the vendors. So, by the admission of the demurrer, these parties have no further interest in the stock or in this suit. No decree is asked against them, and no decree can be made affecting their interest, for confessedly they have none whatever. With regard to the conclusion of law that the purchase was ultra vires, this is contradicted by the acts of assembly of the state of North Carolina of August 15, 1868: "Any railroad within this state shall be at liberty to take or purchase stock in or lend money to or purchase bonds of this or any other railroad company in this state, or any adjoining state." And by the act of assembly of the same state of February 21, 1885: "Any railroad or transportation company may acquire and hold or guarantee or endorse the bonds or stock of or may lease any railroad or branch railroad or other transportation lines in this or an adjoining state connecting with it directly or indirectly." Laws 1885, p. 159. Thus, by the admissions of the demurrer, the stockholders sold, and by the provisions of the law of North Carolina—general enactments—the alleged purchaser could take. Thus all right, title, and interest of the vendors passed and no longer exists.

The first ground of demurrer having been sustained, the bill may be dismissed.